

**U.S. Department of Justice**

**Tax Division**

*Southern Criminal Enforcement Section*
*P.O. Box 972, Ben Franklin Station*　　(202) 514-5145
*Washington, D.C. 20044*　　Telefax: (202) 514-0961

RTM:BMS:SVrahoretis:imw
5-84-2026
2007201979

DEC 28 2007

<u>CERTIFIED MAIL - RETURN RECEIPT REQUESTED</u>

Charles T. Miller, Esquire
United States Attorney
Southern District of West Virginia
300 Virginia St., East
Suite 4000
Charleston, West Virginia 25301

ATTN: AUSA Hunter P. Smith

　　　　　　　Re:　Clark A. Diehl
　　　　　　　　　　<u>Charleston, West Virginia</u>

Dear Mr. Miller:

　　Reference is made to a letter dated September 21, 2007, from the Special Agent-in-Charge, Internal Revenue Service, Pittsburgh, Pennsylvania, recommending prosecution of the above-styled matter.

　　The Tax Division has determined that prosecution of Clark A. Diehl is warranted for the limited purpose of accepting a plea of guilty to the proposed charges, and you are requested to initiate such action. The Service's reports and exhibits are enclosed. As a guide in preparing the information, refer to the Individual (district of preparation) form that can be found electronically at http://www.usdoj.gov/tax/readingroom/2001ctm/Indictment_Form_rev.pdf.

　　The timely prosecution of criminal tax cases is crucial to the Federal Tax Enforcement Program. Therefore, if the plea agreement is not consummated within 30 days, you must return the case, along with your written recommendations, to this office for further consideration. Additionally, criminal tax cases cannot be disposed of through the Department's pretrial diversion program.

　　Regardless of the offense(s) of conviction, the prosecutor should ask the court, in determining the tax loss under the Sentencing Guidelines, to include all known tax fraud, in all years, as related conduct. See U.S.S.G. § 2T1.1, comment (n.2). The prosecutor is obligated to hold the defendant accountable for all acts and omissions that were part of the same course of conduct or

- 2 -

common scheme or plan as the offense of conviction. U.S.S.G. § 1B1.3(a)(2).

Restitution to the Internal Revenue Service is often appropriate in criminal tax cases. The Tax Resource Manual of the United States Attorney Manual contains sample proposed plea language for the restitution portion of a plea agreement and a proposed restitution order. See USAM 6-4.360, Tax Resource Manual, Sections 56 - 59. Prosecutors should use the relevant proposed language in criminal tax cases involving defendants who agree or are ordered to pay restitution. The proposed language may be modified to conform to local practices, but you are not permitted to compromise the IRS's ability to assess and collect civil taxes and penalties.

Please acknowledge receipt of this letter and its enclosures. Also, please provide this office with a copy of the information, the date of filing, and the manner of final disposition. You may contact Trial Attorney Susan Vrahoretis at (202) 514-5145, if you have any questions concerning this case.

Upon completion of the case, you should return the Service's reports and those exhibits not subject to the secrecy requirement of Fed. R. Crim. P. 6(e) to the Special Agent-in-Charge, Criminal Investigation6 by certified mail, return receipt requested.

          Sincerely yours,

          RICHARD T. MORRISON
          Acting Assistant Attorney General
          Tax Division

By: *[signature]* Bruce M. Salad/sm
    BRUCE M. SALAD
    Chief, Southern Criminal
    Enforcement Section

Enclosure
1 CD

cc:    Special Agent-in-Charge
       Pittsburgh, Pennsylvania