```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                          CRIMINAL ACTION NO. 2:09-00271

**CLARK A. DIEHL**

## MEMORANDUM OPINION AND ORDER

Pending is the United States' motion to seal filed October 24, 2010. The court also sets forth herein its specific findings that supported granting the United States' motion for closure of a hearing held October 25, 2010.

### I.

On August 24, 2010, the court scheduled the sentencing hearing in this matter for October 25, 2010, at 1:30 p.m. On Sunday, October 24, 2010, at 10:38 p.m., the United States filed a motion to seal, accompanied by a memorandum in support of its earlier-filed motion for substantial assistance ("memorandum in support"). The docket entry accompanying the motion to seal appeared automatically on the public record at the time of filing by virtue of the CM/ECF system. The court, however, first learned of the motion to seal on Monday, October 25, 2010, during its review of the filings made over the weekend.

As noted, the motion to seal sought to shield the contents of a memorandum in support attached thereto.  The memorandum in support consisted of two and one-half substantive pages that provide a succinct, and yet detailed, discussion of a sensitive ongoing investigation.  Near the end of the memorandum in support, however, the court noted the following statement: "it may be some time yet before the ultimate benefits of defendant's cooperation are manifest."  (Memo. in Supp. at 3).

Inasmuch as the sentencing hearing was scheduled for 1:30 p.m. ("afternoon hearing"), the court endeavored as quickly as possible under the circumstances to hear counsel respecting the aforementioned excerpt from the memorandum in support, which reflected that a continuance of the afternoon hearing may be necessary.[1]  At 10:59 a.m., the court entered an order on the public docket noting the pendency of the motion to seal and setting a hearing in open court at 11:30 a.m. ("morning hearing").  The morning hearing was added to the court's online public calendar at or about the same moment as entry of the order setting the morning hearing.

---

[1]In addition to preparing for an 11:00 a.m. hearing on an unrelated matter, the court was required, among other things, to review the motion and memorandum in support, ascertain how best to proceed, alert counsel, who received approximately one hour's notice of the hearing, and prepare the order setting the hearing and adding it to the public calendar.

At 11:30 a.m., the morning hearing commenced. A short time later, the court noted the pending motion to seal and inquired if either party wished to have the hearing conducted <u>in camera</u>. The United States so moved, without objection from defendant or any other individual present in the courtroom at the time. The court granted the motion and thereafter conducted a 12-minute hearing, which produced a six-page transcript. A significant portion of the transcript consisted of the United States' discussion of the sensitive ongoing investigation discussed in its memorandum in support.

At the conclusion of the morning hearing, the United States noted its intention to move to continue the afternoon hearing "on the ground that we need time to complete the investigation . . . ." prior to defendant's sentencing. (Redac. Trans. at 6). The morning hearing was adjourned awaiting the filing of the United States' motion to continue, which was received at 12:08 p.m., at a time deemed too late to continue the afternoon hearing and provide seasonable notice, and avoid inconvenience, to those desiring to attend. The court instead chose to conduct the afternoon hearing as scheduled and address the United States' motion to continue at the outset.

At 1:38 p.m., the afternoon hearing convened in open court.  The court continued the matter to April 25, 2011.  The court additionally noted the morning hearing had taken place and that a redacted copy of the transcript would be made available.  The redacted transcript was filed at 3:15 p.m.  No individual has objected to the United States' motion to seal, partial closure of the morning hearing, or the filing of a redacted transcript.

## II.

The "[p]ublicity of [court] . . . records . . . is necessary in the long run so that the public can judge the product of the courts in a given case."  Columbus-America Discovery Group v. Atlantic Mut. Ins. Co., 203 F.3d 291, 303 (4th Cir. 2000).  The right of public access to court documents derives from two separate sources: the common law and the First Amendment.  The common law right affords presumptive access to all judicial records and documents.  Nixon v. Warner Comms., Inc., 435 U.S. 589, 597 (1978); Stone v. University of Md. Medical Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988).  Submitted documents within the common law right may be sealed, however, if competing interests outweigh the public's right of access.  Nixon, 435 U.S. at 598-99, 602-03; In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir. 1984).

The First Amendment right of access has a more limited scope than the common law right, having only "been extended . . . to particular judicial records and documents."  Stone, 855 F.2d at 180.  The First Amendment right of access attaches if: (1) "the place and process have historically been open to the press and general public"; and (2) "public access plays a significant positive role in the functioning of the particular process in question."  Press- Enterprise Co. v. Superior Court, 478 U.S. 1, 8-9 (1986) (quoted in The Baltimore Sun Co. v. Goetz, 886 F.2d 60, 64 (4th Cir. 1989)).

The First Amendment right of access provides much greater protection to the public's right to know than the common-law right.  To avoid disclosure under the First Amendment right of access, the movant must show "the denial [of access] is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest."  Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 606-07 (1982); Press-Enterprise Co., 478 U.S. at 15; Virginia Dept. of State Police v. Washington Post, 386 F.3d 567, 573 (4th Cir. 2004); Stone, 855 F.2d at 180; In re Washington Post Co. 807 F.2d 383, 392 (4th Cir. 1986) (noting Supreme Court precedent "makes clear that criminal proceedings may be closed to the public without violating First Amendment rights only if (1) closure serves a compelling

5

interest; (2) there is a "substantial probability" that, in the absence of closure, that compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect that compelling interest.").

Regarding procedures for handling sealing requests, our court of appeals has additionally observed as follows:

> First, the judicial officer must "state the reasons for [the] decision to seal supported by specific findings." "The judicial officer may explicitly adopt the facts that the government presents to justify sealing… [b]ut the decision to seal must be made by the judicial officer."  Second, "the judicial officer must consider alternatives to sealing the documents. This ordinarily involves disclosing some of the documents or giving access to a redacted version."  Third, a judicial officer must give notice to the public by docketing the order sealing the documents.  All of these procedures "must be followed when a [judicial officer] seals judicial records or documents."

Media General Operations, Inc. v. Buchanan, 417 F.3d 424, 435 (4th Cir. 2005) (emphasis supplied) (citations omitted).

The court of appeals' decision in Washington Post dealt specifically with the right of public access to a closed plea and sentencing hearing in a criminal case.  The court will assume, without deciding, that the United States' motions to seal the memorandum in support and to partially close the morning hearing held October 25, 2010, as well as the decision to file a redacted transcript all implicated the First Amendment right of access.

The court of appeals in <u>Washington Post</u>, however, observed as follows:

> The mere existence of a First Amendment right of access to a particular kind of hearing or document does not entitle the press and public to access in every case. Access may be denied if "closure is essential to preserve higher values and is narrowly tailored to serve that interest."

<u>Id.</u> at 390 (citations omitted); <u>see</u> <u>also</u> <u>Bell v. Jarvis</u>, 236 F.3d 149, 165 (4th Cir. 2000) ("[T]he right is not absolute, and the Supreme Court has long recognized that trial judges have discretion to impose reasonable limitations on access to a trial when overriding interests, "<u>such as the . . . the government's interest in inhibiting disclosure of sensitive information</u>," are likely to go unprotected if closure is not employed.") (emphasis added).

Similar to the standards already noted, the court of appeals additionally stated the "'prerequisites to a closure order in a criminal proceeding'" as follows:

> First, the district court must give the public adequate notice that the closure of a hearing or the sealing of documents may be ordered. In particular, closure motions must be "docketed reasonably in advance of their disposition so as to give the public and press an opportunity to intervene and present their objections to the court." Moreover, although individual notice is generally not necessary, "when the district court has been made aware of the desire of specific members of the public to be present, reasonable steps to afford them an opportunity to submit their views should be

7

> taken before closure." Second, the district court must provide interested persons "an opportunity to object to the request before the court ma[kes] its decision." Third, if the district court decides to close a hearing or seal documents, "it must state its reasons on the record, supported by specific findings."

Washington Post, 807 F.2d at 390-91 (citations omitted).

Respecting the procedural prerequisites, the court first addresses the partial closure of the morning hearing. The court first learned that the United States would move for closure upon receipt of the oral motion of the Assistant United States Attorney during the public portion of the morning hearing.[2] Prior to ordering closure, the court sought the defendant's position on the matter, at which time any other individual present in courtroom at that point or thereafter, might have lodged an objection.[3]

---

[2]Respecting the scheduling of the morning hearing, the court provided the best practicable notice under the circumstances. As noted, the United States' motion to seal and the attached memorandum in support were filed at 10:38 p.m. Sunday evening at a time when the docket was not monitored. After reviewing the memorandum in support on Monday morning, the court first learned of the United States' professed concern respecting the suitability of proceeding with disposition as scheduled at 1:30 p.m. At that point, the court immediately set about contacting counsel to ascertain their availability and scheduling the morning hearing just prior to the noon hour. An order was entered at 10:59 a.m. noting the pendency of the motion to seal and the hearing was promptly added to the public calendar. The effort was designed, in part, to seasonably resolve whether the afternoon hearing to sentence defendant should be postponed at a time when it might have alerted those wishing to attend that the proceeding would not take place as scheduled.

[3]In Washington Post, it was observed that "[w]hen a prosecu-
(continued...)

Respecting the motion to seal and the decision to redact the transcript, two hearings were held in this action on October 25, 2010, preceded by the filing of the United States' motion to seal on October 24, 2010.  As stated <u>supra</u> in the footnote, the court provided the best practicable notice of the morning hearing under the circumstances.

Respecting the decision to file a redacted transcript, the course of action was announced in open court on October 25, 2010, during the afternoon hearing.  It is noted that despite the public notice given concerning the motions to seal the memorandum in support and to partially close the morning hearing, as well as the filing of a redacted transcript, no individual has yet objected, or sought leave to object.  Based upon the foregoing, the court concludes that the public has been provided adequate notice of sealing and an opportunity to object.

---

[3](...continued)
tion has news value, reporters will try to attend the proceedings, and they will be alerted to the court's closure decision . . . when they are forcibly prevented from entering the courtroom." <u>Washington Post</u>, 807 F.2d at 391.  In this instance, as reflected in the transcript, an attentive member of the media who apparently received notice of the morning hearing entered the courtroom shortly after the closure order.  The court advised the individual that a sealed hearing was in progress, at which time he departed.

Respecting the third procedural requirement, this memorandum opinion and order now puts of record the specific findings supporting the closure order, the sealing of the United States' memorandum in support, and the filing of a redacted transcript.[4]

Moving to the First Amendment standard governing the sealing of proceedings and documents, the court first examines

---

[4] Our court of appeals has noted additional principles underlying the specific findings supporting a sealing order:

> While petitioners may have preferred that the magistrate judge issue a separate and detailed written memorandum opinion, we require a court to "state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing" to provide this court with sufficient information for meaningful appellate review. That the government's and judicial officer's reasons for sealing may also be placed under seal, demonstrates that this requirement is for the benefit of the court, not the public. Where, as here, the government's explanations and the judicial officer's reasons for sealing are patently apparent upon consideration of the documents at issue and when the record provides sufficient information for appellate review, there is no requirement that the district court or magistrate judge prepare separate, detailed orders.

Media General Operations, Inc. v. Buchanan, 417 F.3d 424, 431 (4th Cir. 2005). As in Buchanan, the court believes the reasons for the closure order are apparent when one considers the contents of the memorandum in support and the redacted portions of the transcript. Nevertheless, the court has chosen to spread upon the record this explanation of its decision, to the extent possible, for the public's benefit and to underscore the importance of the right of public access to court proceedings and documents.

the nature of the governmental interest underlying the motion to seal, the partial closure of the morning hearing, and the filing of the redacted transcript.  As noted, all three are based upon the need for confidentiality concerning an ongoing sensitive investigation being conducted by the United States.  The memorandum in support, and the redacted portion of the United States' representations during the morning hearing, suffice without elaboration by the court to demonstrate that a sealing order is necessary to support the compelling governmental interest of continuing the investigation without impediment.  To the extent it is deemed necessary, the court adopts the United States' position respecting the need for confidentiality under the circumstances presented.

Regarding harm to that compelling governmental interest, there is a substantial probability that disclosure of the information found in the United States' written and oral submissions would, among other things, compromise the investigative methods being used, disclose the identities of those under investigation, (some or all of whom may never ultimately be charged), reveal the investigative fruits thus far obtained, jeopardize the integrity of the investigation and, potentially, thwart the continuing cooperation of certain individuals unnamed.

Finally, the court has not only considered, but implemented, at least one alternative to a total closure or sealing order. Respecting closure of part of the morning hearing, the court heard the United States' presentation <u>in camera</u> and promptly had prepared and filed a redacted transcript in an effort to tailor confidentiality as narrowly as possible. That same effort would, unfortunately, prove fruitless respecting the United States' memorandum in support. As noted, the brief, two-and-one-half pages of substance found within the memorandum in support is devoted to the details of the sensitive ongoing investigation.

### III.

Based upon the foregoing, the court ORDERS that the United States' motion to seal be, and it hereby is, granted. It is further ORDERED that the memorandum in support be, and it hereby is, sealed pending the further order of the court. Having previously granted the United States' motion for closure of the morning hearing, and having filed the redacted transcript, the court discerns no need to revisit those matters in view of the preceding discussion.

The Clerk is directed to forward copies of this written opinion and order to the defendant and all counsel of record.

DATED: October 27, 2010

_____
John T. Copenhaver, Jr.
United States District Judge