**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON**

**UNITED STATES OF AMERICA**

v.                                              **CRIMINAL NO. 2:09-00271**

**CLARK A. DIEHL**

**MEMORANDUM IN SUPPORT OF
GOVERNMENT'S MOTION FOR SUBSTANTIAL ASSISTANCE**

Clark A. Diehl, by counsel, respectfully joins in the Government's Motion for Substantial Assistance, and asks the Court to depart below the otherwise applicable advisory guideline range, on the grounds of the timely and "fulsome" assistance provided by Mr. Diehl in the government's investigation of others. The fact that the government has now decided not to pursue this investigation further does not change the extent and value of Mr. Diehl's assistance, and that decision should not bear at all on Mr. Diehl's sentence.

From the fall of 2007 until a few weeks ago, the Federal Bureau of Investigation, the Internal Revenue Service, and the West Virginia Legislature's Commission on Special Investigations conducted an ongoing and wide-ranging public corruption investigation. This investigation was initiated upon Mr. Diehl's information about providing free goods and services to individuals able to influence the State purchasing process and thereafter receiving state contracts in violation of the State's competitive bidding rules. Mr. Diehl's information was a significant component of the overall investigation, and directly implicated at least two state employees in mail fraud in the state procurement process and could have resulted in their prosecution.

Following the signing of his plea agreement in November of 2007, Mr. Diehl recorded hundreds of conversations, including troubling conversations with one individual, a former felon and not a state employee, who urged Mr. Diehl not to cooperate with authorities in further investigations. He has also provided leads to others possibly involved in procurement fraud, which the Government pursued.

Mr. Diehl participated both historically and through undercover efforts, between the signing of the plea agreement and the entry of his plea, and thereafter. Historically, Mr. Diehl spent much time providing an accurate account of his business dealings with the State of West Virginia. This included explaining several years of transactions, providing financial and other business records and photographs related to those transactions, reviewing records of those transactions obtained from the State, spending several days in interviews and preparation for the grand jury, and testifying in three lengthy grand jury sessions.

As part of the undercover investigation, Mr. Diehl recorded more than 100 conversations on the telephone and in person. As the Government told him throughout the investigative process, Mr. Diehl was truthful, and the information provided by him was timely, complete and reliable. He proved to be able to corroborate much of what he told the Government through his records, and he worked hard to refresh his recollection where it was incomplete or uncertain. The presentence report reflects much of this information.

Because the investigation which arose from Mr. Diehl's information was wide-ranging and complex, and for various other reasons unrelated to the extent and quality of his assistance, this investigation lasted for almost four years. During that time, Attorneys General changed, United States Attorneys changed, Governors and Senators changed, and the United State's prosecution of Alaska Senator Ted Stevens imploded.

But throughout this investigation, Mr. Diehl was repeatedly assured that the assistance he provided was substantial and merited a sentence below the otherwise applicable guideline range.  Thus, the motion for substantial assistance was filed on May 13, 2010, and a memorandum in support of the motion was filed under seal last October.  Indeed, on multiple occasions and as recently as April of this year, Mr. Diehl's sentencing was continued because he was cooperating in this sensitive and ongoing investigation, and because further action or charges appeared imminent.

For all these reasons, Mr. Diehl's substantial assistance warrants a significant downward departure.  Taking, in reverse order, the five considerations in the applicable guideline, Mr. Diehl's assistance was more than timely.  U.S.S.G. § 5K1.1(a)(5).  He began cooperating immediately upon signing his plea agreement, and worked hundreds of hours, at the beck and call of the agents involved, for a period of more than three years.  His assistance created a risk to his business, which could and did arise from the sensitive nature of the investigation. He encountered the fear and danger caused by the contacts from a third party, trying to dissuade him from assisting in the investigation.  U.S.S.G. § 5K1.1(a)(4).  The third factor, the nature and extent of his assistance, U.S.S.G. § 5K1.1(a)(3), is clear, undisputed, and unequalled in the undersigned's experience.

The remaining factors, the "truthfulness, completeness and reliability" of the information or testimony provided and the "significance, and usefulness of the dependent's assistance, taking into consider the government's evaluation of the assistance", U.S.S.G. § 5K1.1(a)(1), (2), should also weigh heavily in his favor.  The government's most recent memorandum in support acknowledges that Mr. Diehl provided a "fulsome" account of his business dealings, and corroborated them.  The hundreds of hours he spent working for the investigative agents and the hundreds of

3

recordings he made produced a truthful, complete and reliable foundation for the investigation. The length and breadth of this investigation bespeaks the "significance and usefulness" of Mr. Diehl's assistance.

Because this has been the government's repeated position throughout this investigation, the first five lines of the last page of the government's Memorandum in Support of Substantial Assistance Motion do not appear to be accurate or consistent with the government's prior statements or even with the prior paragraphs of the same memorandum. They represent more of an explanation of the government's litigation strategy, than its assessment of Mr. Diehl. Mr. Diehl asks the Court to give them little or no weight. Indeed, until recently, the government trumpeted the assistance Mr. Diehl gave in documents filed under seal with this Court. Since this April's continuance of Mr. Diehl's sentencing, the lawyers in charge of this case have apparently changed their minds, exercised their prosecutorial discretion, and decided not to pursue charges against any other individuals. That is their prerogative. But nothing involving Mr. Diehl has changed in that time which altered, in any way, his fulsome and truthful accounts of the events at issue and the voluminous, truthful mass of evidence he assisted the Government in assembling. The criticism in the gratuitous footnote relates to an issue which arose months, if not years, before the government filed the motion for substantial assistance, and was completely resolved at that time, to the satisfaction of all involved.

In short, the record in this case is clear, and the "extent and value" of Mr. Diehl's case is not "difficult to ascertain", U.S.S.G. § 5K1.1, Application Note 3, regardless of which government characterization of his assistance is considered. Mr. Diehl's years of extensive assistance gave the Government a sturdy foundation from which to conduct a thorough investigation and reach a knowing decision. The purposes for rewarding substantial assistance have been met. While the Government's decision whether to

prosecute others may have been challenging, and may have changed, none of that should reflect negatively on the extent and value of Mr. Diehl's assistance.

For all these reasons, Mr. Diehl respectfully asks the Court to depart downward a sufficient number of levels to sentence him to a term of probation.  In difficult and trying circumstances, he has maintained his family, small business, and his life essentially on hold while this investigation and his sentencing were repeatedly prolonged.  He has shown that he presents no danger to society, and is able to comply with any terms of probation the Court should impose.  A sentence of probation would reflect the seriousness of the offenses in his plea, would simultaneously recognize the public purpose served by early, extensive and substantial assistance to the authorities conducting a serious and sensitive investigation, and would allow the small business he operates to continue for the benefit of its customers, its employees, and Mr. Diehl and his family.

**Respectfully submitted**,

**CLARK A. DIEHL**

**BY COUNSEL**

*/s/ Benjamin L. Bailey*
Benjamin L. Bailey (WV Bar ID # 200)
Bailey & Glasser, LLP
209 Capitol Street
Charleston, West Virginia  25301
(304) 345-6555
(304) 342-1110 *facsimile*

5

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON**

**UNITED STATES OF AMERICA**

v.  **CRIMINAL NO. 2:09-00271**

**CLARK A. DIEHL**

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies the **"MEMORANDUM IN SUPPORT OF GOVERNMENT'S MOTION FOR SUBSTANTIAL ASSISTANCE"** has been electronically filed and service has been made upon opposing counsel via email this 5TH day of August, 2011 to:

> Hunter P. Smith, Jr., Esq.
> Assistant U. S. Attorney
> 4000 United States Courthouse
> 300 Virginia Street, East
> Charleston, West Virginia  25301

> */s/ Benjamin L. Bailey*
> Benjamin L. Bailey (WV Bar ID # 200)